CITY OF BOSTON et al. *v.* ANDERSON et al.

No. A–355 (78–649). Decided October 20, 1978

Mr. Justice Brennan, Circuit Justice.

The city of Boston, its mayor, and several of its elected officials, have applied to me for a stay of the judgment of the Massachusetts Supreme Judicial Court entered October 4, 1978, enjoining them, *inter alia*, from expending city funds in support of a referendum proposal on the ballot of the November 1978 general election. If adopted, the proposal would authorize the Massachusetts Legislature to supersede the present tax system of 100% valuation of real property by a system that would, *inter alia*, classify real property according to its use in no more than four classes and assess, rate, and tax such property differently in the classes so established.

The Supreme Judicial Court held that Mass. Gen. Laws Ann., ch. 55 (West Supp. 1978–1979), barred municipalities from engaging in the expenditure of funds to influence election results. —— Mass. ——, 380 N. E. 2d 628 (1978). Only last Term this Court struck down a provision of chapter 55 that imposed a ban on private corporate financing of advocacy on referendum questions as abridging expression that the First and Fourteenth Amendments were meant to protect. *First*

*Nat. Bank of Boston* v. *Bellotti,* 435 U. S. 765 (1978). The Supreme Judicial Court held in the instant case, however, that even if "constitutionally protected speech includes the right of a municipality to speak militantly about a referendum issue of admitted public importance where the Legislature of the State has said it may not," —— Mass., at ——, 380 N. E. 2d, at 637, "there are demonstrated, compelling interests of the Commonwealth which justify the 'restraint' which the Commonwealth has placed on the city," *id.,* at ——, 380 N. E. 2d, at 637, namely, "[t]he Commonwealth has an interest in assuring that a dissenting minority of taxpayers is not compelled to finance the expression on an election issue of views with which they disagree." *Id.,* at ——, 380 N. E. 2d, at 639.

In deciding whether to grant a stay pending disposition of the jurisdictional statement I must consider two factors:

> "First, 'a Circuit Justice should "balance the equities" . . . and determine on which side the risk of irreparable injury weighs most heavily.' *Holtzman* v. *Schlesinger,* 414 U. S. 1304, 1308–1309 (1973) (MARSHALL, J., in chambers). Second, assuming a balance of equities in favor of the applicant, the Circuit Justice must also determine whether 'it is likely that four Members of this Court would vote to grant a writ of certiorari.' *Id.,* at 1310. The burden of persuasion as to both of these issues rests on the applicant . . . ." *Beame* v. *Friends of the Earth,* 434 U. S. 1310, 1312 (1977) (MARSHALL, J., in chambers).

In my view the balance of the equities favors the grant of the application. In light of *Bellotti,* corporate industrial and commercial opponents of the referendum are free to finance their opposition. On the other hand, unless the stay is granted, the city is forever denied any opportunity to finance communication to the statewide electorate of its views in support of the referendum as required in the interests of all taxpayers, including residential property owners.

I am also of the view that at least four Members of this Court will vote to grant plenary review of this important constitutional question.

Accordingly, I grant the application and stay the judgment of October 4, 1978, pending further action of this Court or myself as Circuit Justice.